(112 App. Div. 712)

### SUTHERLAND v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. MUNICIPAL CORPORATIONS—OFFICERS—COMPENSATION—CORPORATION COUNSEL.

Under the act for government of cities of the second class (Laws 1898, p. 435, c. 182, § 418), providing that the corporation counsel shall be entitled in actions and proceedings in which the city shall be successful to receive to his own use all costs and allowances which shall be collected from the adverse party, such officer is required to establish, not only that the city was successful, but that the costs have been paid, before he is entitled to recover therefor from the city.

2. SAME.

The mere fact that the title to the property against which a city's lien for taxes had been enforced in an action brought by its corporation counsel had been taken in its own name on a purchase thereof at public sale does not establish the right of such officer to costs accruing to him, under Laws 1898, p. 435, c. 182, § 418, relating to cities of the second class.

3. SAME—LIEN.

>Where judgment has been entered in favor of a city of the second class in an action instituted by its corporation counsel to enforce tax liens in favor of the city, the corporation counsel has no lien thereon for securing payment of costs accruing to him, under Laws 1898, p. 435, c. 182, § 418.

Submission of a controversy on an agreed statement of facts, pursuant to Code Civ. Proc. § 1279, between William Sutherland, as plaintiff, and the city of Rochester, as defendant. Judgment ordered in favor of defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

James S. Havens, for plaintiff.
William W. Webb, for defendant.

KRUSE, J. The question submitted for our determination is whether the plaintiff, William A. Sutherland, is entitled to recover judgment against the defendant, the city of Rochester, for the sum of $89, with interest from December 11, 1902, or any part thereof, being a claim for costs of that amount awarded in an action prosecuted by the plaintiff as corporation counsel for the city to enforce the payment of taxes against certain lands in the city, and which were bid in by the city upon the sale recovered in that action. The plaintiff was corporation counsel for the city from January 1, 1902, to January 1, 1904. His salary was fixed at $3,800. Rochester belongs to cities of the second class.

Section 414 of the "Act for the government of cities of the second class" (Laws 1898, p. 434, c. 182), provides as follows:

>"Sec. 414. The salaries of the corporation counsel, his assistant, clerk and other subordinates shall be fixed by the board of estimate and apportionment and they shall receive no fees or other compensation of any kind whatever, except that the corporation counsel may receive to his own use the costs of suits, as hereinafter provided. But all costs, allowances and disbursements in proceedings for the opening of streets, and the acquirement of land by condemnation proceedings, shall be collected and paid over to the city treasurer."

And section 418 provides as follows:

>"Sec. 418. He shall be entitled in actions and proceedings in which the city shall be successful to receive to his own use all costs and allowances which shall be collected from the adverse party, but he shall repay to the city treasurer all amounts disbursed in the progress of such actions and proceedings, which were taxable as disbursements therein, and which shall have been paid by the city treasurer, whenever and as soon as such amounts are collected."

Section 416 of the same act defines the duties of the corporation counsel. It reads:

>"Sec. 416. He shall be and act as the legal adviser of the common council and of the several officers, boards and departments of the city, and he shall appear for and protect the rights and interests of the city in all actions, suits and proceedings brought by and against it or any city officer, board or department; and such officers, boards or departments shall not employ other counsel."

The plaintiff as corporation counsel, and pursuant to a resolution of the common council so requesting, commenced an action for the foreclosure, under the provisions of its charter, being section 104 (Laws 1880, p. 48, c. 14), of certain tax liens held by the city to foreclose all interest of certain persons in lands known as the "Warner Property" in said city, consisting of several acres of land, and incumbered by taxes for upwards of $40,000, covering the years 1893 to 1902, inclusive. The action was commenced in behalf of the city July 25, 1902. The defendants appeared in the action, but no answer was served, and the usual judgment of foreclosure and sale was granted on August 26, 1902. The amount found due the city for taxes upon said premises, with interest thereon, was $42,987.41. The premises were sold under the judgment December 11, 1902, for $17,150. They were sold in parcels, and bid in by the plaintiff for the city at the direction of the mayor. There was another bidder who bid for responsible parties, $17,000 and upward, so the record states, but evidently less than the city did, for it was struck off to the city.

After the city acquired the title, a much larger offer was made to the city for one of the parcels than it paid, but, not being accepted, the offer was withdrawn.

The judgment provided, among other things, that, after deducting the referee's fees and expenses of sale, the referee pay to the plaintiff the sum of $125.18 for costs and charges in the action. No money was paid to the referee on the sale, but the city paid the referee's fees and paid the plaintiff his disbursements, leaving unpaid of said $125.18 the costs, $89, which the city refuses to pay, and is the subject of this controversy.

When the plaintiff became corporation counsel, there had accumulated in tax arrearages upon real estate in the city upwards of $500,000, covering upwards of 2,000 parcels of real estate, running back many years. It became necessary to bring a large number of actions similar to the one out of which this controversy arose. In doing this work the plaintiff paid for outside and additional legal assistance at the rate of $125 a month, which was personally paid by the plaintiff from October 1, 1902, to June 1, 1903. At the latter date the plaintiff transferred to the city treasurer the costs thereafter recovered in the actions, and the city paid for the outside assistance at the rate of $125 a month during the remainder of the plaintiff's term of office as corporation counsel, and the city continues to pay the salary of a legal assistant for tax collections at that rate per month, and in addition $50 a month for a stenographer, and pays the present corporation counsel a fixed salary of $5,000 per annum; he transferring to the city the costs to which he is entitled under the provisions of section 418, above referred to.

The question presented for our determination is, whether the plaintiff has a legal claim against the city for this sum of $89, costs, included in the judgment above referred to. We think we are required to answer this question in the negative. Under the provisions of section 418, above referred to, which the plaintiff contends entitle

him to these costs, he is required to establish, not only that the city was successful, but that the costs have been collected from the adverse party. The evident design of the statute was to pay over to the corporation counsel in such actions whatever sums the city recovered for costs, in addition to the amount of its claim for which the action was brought by the corporation counsel in behalf of the city.

Counsel for the plaintiff strenuously urges that, had the city not overbid the individual who bid at this sale, the property would have been sold to the individual bidder, the amount of the bid paid to the referee, and then, according to the terms of the judgment, the plaintiff would have received his costs out of the moneys so paid to the referee upon such sale.

We are not prepared to assent to this view. The city is not concluded by this provision in the judgment. The question would still arise whether the condition had been met that the city was successful, within the meaning of that section. Does it mean that the city shall be successful in recovering judgment or in collecting its claim? If the latter, does it mean that the city must be successful in collecting the entire claim, or will it answer the requirements of this section if but a part of its claim is collected? My own view is that the reasonable construction of this provision is that the city must not only be successful in recovering the judgment, but that it must as well be entirely successful in recovering the whole judgment. This view, I think, is reinforced by the provision contained in the section that it is such costs and allowances as shall be collected from the adverse party to which the corporation counsel is entitled. But, even if I am wrong in this view; under the circumstances of this case, assuming that the city has been successful, it has not collected the costs from the adverse party. It is true that it has taken the title to the property in its own name. It may ultimately realize the amount of its claim and these costs, but so far as the record discloses there is no proof that the property bid in by the city was worth its claim for taxes. Indeed, the price for which the property was sold at this public sale was less than half of its claim.

Counsel for the plaintiff also urges that the plaintiff has a lien upon this judgment for securing the payment of his costs out of the first proceeds of the judgment. This is the usual rule between attorney and client, and such are the rights of an attorney ordinarily in a judgment which he obtains for a client; but if the attorney has been paid or has no claim, then it follows that he has no lien upon the judgment. I do not regard the plaintiff's right to his costs superior to that of the claim of the city. My view is quite the reverse. I think the city's claim is superior to that of the claim of the corporation counsel. A fixed salary was the compensation provided for all of his services, except where the city was successful in collecting its claim and the costs for prosecuting such claim from the adverse party. Then, and only in that event, was the corporation counsel entitled to this additional compensation beyond his fixed salary

As has been stated, the question for our determination is whether

the plaintiff is entitled to recover a judgment against the defendant for this sum of $89 and interest, or any part thereof, and that question we must answer adversely to the plaintiff.

Judgment should be ordered for the defendant, with costs.

Judgment ordered for defendant, with costs. All concur.